# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD D. MOISE, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. RDB-18-1905 |
| NATHAN KYLE LONG, ESQ., | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Richard D. Moise, a state inmate currently confined at the Wicomico County Detention Center in Salisbury, Maryland, filed this civil rights complaint, along with a Motion to Proceed in Forma Pauperis. Because he appears indigent the Motion (ECF 2) shall be granted. Moise brings this case against his former defense attorney Nathan Kyle Long, for conduct undertaken during the prosecution of Plaintiff. ECF 1.

At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).

Moise's civil rights claim against Long is subject to dismissal. Defense attorneys do not

act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

While an attorney who conspires with a government official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. *See Tower v. Glover,* 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (holding plaintiff must make more than naked assertion of conspiracy). Here, generously construing Moise's Complaint, he has done nothing more than make conclusory claims concerning a conspiracy. Such claims are insufficient.

By separate Order which follows, the Complaint shall be dismissed pursuant to 28 U.S.C. §1915(e). Moise is advised that under 28 U.S.C. §1915(g) he will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This dismissal is Moise's first strike.

 June 28, 2018                                    /s/                          
Date                                             RICHARD D. BENNETT
                                                 UNITED STATES DISTRICT JUDGE